*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 10, 2015                520974
_____

In the Matter of the Claim of
    STEPHEN J. PELLICANO,
                    Appellant.

CATSKILL CENTRAL SCHOOL,                    MEMORANDUM AND ORDER
                    Respondent.

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  October 27, 2015

Before:  Garry, J.P., Rose, Devine and Clark, JJ.

—————————

        Stephen J. Pellicano, Preston Hollow, appellant pro se.

        Shaw, Perelson, May & Lambert, LLP, Poughkeepsie (Steven M. Latino of counsel), for Catskill Central School, respondent.

        Eric T. Schneiderman, Attorney General, New York City (Gary Leibowitz of counsel), for Commissioner of Labor, respondent.

—————————

        Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 14, 2014, which ruled, among other things, that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

        Claimant worked as a teaching assistant at a high school for a little over a year.  Following an incident in which he allegedly failed to appropriately handle a fight among students in the fitness center, he was directed to attend a meeting with the school superintendent to discuss possible disciplinary sanctions.  He did not attend the meeting and was terminated as a

result.   Claimant's application for unemployment insurance benefits was denied and the denial was upheld by an Administrative Law Judge (hereinafter ALJ) following a hearing. The Unemployment Insurance Appeal Board affirmed the ALJ's decision and ruled, among other things, that claimant was disqualified from receiving benefits because his employment was terminated due to misconduct.   He now appeals.

We affirm.   Initially, the record does not support claimant's contention that the ALJ improperly denied his request to have his wife testify at the hearing as he stated at the onset of the hearing that he did not have any witnesses (see Matter of Taylor [New York Tel.Co.—Levine], 53 AD2d 772, 773 [1976]). Likewise, the ALJ did not improperly refuse to receive into evidence the police report of the student altercation as claimant did not offer it nor was it relevant to claimant's termination (see Matter of Monroe [Commissioner of Labor], 270 AD2d 558, 559 [2000]).   Claimant's remaining contentions have been considered and are lacking in merit.   Therefore, we decline to disturb the Board's decision.

Garry, J.P., Rose, Devine and Clark, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court